Mtt.tq-n- A. Wiltse, J.
Upon a trial before the Honorable Johh C. McLeod, Justice of the Peace of the Town of Philadelphia, *878 on December 11, 1961, defendant was found guilty of violation of subdivision 3 of section 1180 of the Vehicle and Traffic Law. Judgment of conviction was entered on the same date.
Defendant has appealed. Among other things, he alleges that the People did not establish his guilt beyond a reasonable doubt, and that error was committed in receiving the testimony of a member of the New York State Police, regarding his opinion of the speed that defendant’s vehicle was traveling at the time of the offense.
On September 23, 1961 on Route 11 in the Town of Philadelphia defendant was operating his 1961 “ pick-up ” truck in a northerly direction.
The officer testified that he followed the defendant for approximately two miles, and that during this period, he was about 200 feet behind defendant’s car; that the weather was clear, the highway surface was dry, and that there were no cars between him and defendant’s truck.
During this distance, the officer stated that his speedometer indicated that the truck was proceeding at 70 miles an hour. The officer also testified that he had operated automobiles for a period of 20 years; that he had been in the service of the New York State Police for 15 years, and had checked his opinions of speed with the New York State Highway Department’s measured mile on many occasions, as well as with other measuring devices; that his estimates had been either correct, or within five miles an hour of the actual speed; and that in his opinion, at the time of the offense charged in the information, the defendant was operating his vehicle at approximately 70 miles an hour.
The defendant testified that he was traveling at about 45 miles an hour.
The officer’s long experience as a member of the New York State Police, and his training in estimating the speed of moving cars amply qualified him to state an opinion with respect to the speed at which the defendant’s truck was traveling.
The officer’s estimate of the defendant’s speed, together with the testimony regarding the speedometer reading, if believed by the court, was sufficient to prove the defendant guilty beyond a reasonable doubt. (People v. Heyser, 2 N Y 2d 390.)
Belief of this testimony is implicit in the court’s finding of guilt.
No other errors alleged prejudiced any substantial rights of the defendant. (Code Crim. Pro., § 764.) The judgment should be affirmed in all respects.